HAWKINS, Chief Justice,
dissenting:
I respectfully dissent.
Kenneth W. Golden appealed a judgment of the circuit court of Humphreys County dismissing his post-conviction relief petition to set aside a guilty plea theretofore entered, alleging his guilty plea to a cocaine sale was not voluntarily entered, ineffective assistance of counsel, and a disparity of sentencing between himself and others similarly charged. I find no error in the court’s refusal to invalidate his guilty plea on the grounds asserted by Golden, but would remand for the court to reconsider the length of sentence originally imposed.

FACTS

The grand jury of Humphreys County on June 16, 1988, returned three indictments against Golden for the sale of cocaine, marihuana, and receiving stolen property.
Golden employed Kelly Collins, attorney of Yazoo City to represent him, and on February 13,1989, following an agreement with the State to dismiss all other charges, pleaded guilty to Count I of the indictment in cause number 4252 in which he was charged with the sale of cocaine to one Ellis Bevis for $25.00. The indictment did not allege the quantity sold.
Golden was permitted to remain at liberty on bail until the sentencing hearing February 23,1989. At this hearing the State informed the court that the prosecution had agreed not to prosecute Golden on the other charges upon his pleading guilty to the one count, and had no recommendation to make as to his sentence.
Golden had no prior convictions, was unemployed, and living with his parents, helping look after his one-legged father. The court sentenced him to 30 years imprisonment and levied a fine of $50,000.
On January 23,1992, Golden filed a motion for post-conviction relief under the provisions of Miss.Code Ann. § 99-39-1 (Supp.1984), and the circuit judge, finding the plaintiff raised substantial allegations of ineffective assistance of counsel, ordered a hearing to be held March 24, 1992. Testimony of Golden at the hearing as to offers supposedly made by the State as to his sentence and conveyed to him by Collins was contradicted by Collins. The court found Golden had not sustained the allegations of his petition and dismissed it.

LAW

I commend the circuit judge and the State for keeping good records in the Fourth Circuit Court District. I am considerably aided by having written transcripts of all proceed- *144 mgs as well as records kept by the district attorney’s office.
While Collins’ representation of Golden prior to the entry of his guilty plea was clearly less than stellar, nothing approaching the Strickland test appears in this record. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A factual circumstance was brought out at the March 24, 1992, hearing, however, which was not brought to the attention of the circuit judge at the February 1989 hearings which in my view very likely would have influenced the severity of the sentence had the circuit judge known it at the time.
During Collins’ representation of Golden, there were discussions with the State seeking to strike a bargain. The case was originally scheduled for trial in July 1988. On July 5, 1988, assistant district attorney Hallie Gail Bridges offered Golden, in exchange for a plea of guilty on the charge of sale of cocaine in three of the indictments, a State recommendation of a sentence of five years imprisonment in each to run consecutively (15 years), plus a $3,000 fine and reimbursement to the Mississippi Bureau of Narcotics (MBN) of $410 and court costs. Golden rejected this offer. The cause was continued.
The State later made another offer that if Golden would plead guilty to two charges for the sale of cocaine, it would recommend to the court that he receive two sentences of five years each to run consecutively (10 years), plus a fine of $4,000 and $310 to reimburse the MBN. This offer was also rejected by Golden. The State made a final offer communicated to Golden on the day of trial that it would dismiss all other charges upon Golden pleading guilty under one count to the sale of cocaine, but it would make no recommendation to the court as to his sentence.
Golden testified that at the urging of his lawyer, he accepted this offer and entered a plea of guilty to this one count. The State informed the court that it had no recommendation as to Golden’s sentence.
The court was not told of the previous offers made by the State to Golden, and was unaware that the State would have recommended a maximum of ten years imprisonment for all Golden’s offenses. All the court was aware of in February 1989 was an offer by the State that if Golden would enter an open plea of guilty to one sale of cocaine count in an indictment, the State would dismiss the other charges.
Counsel for Golden was clearly derelict in failing to call the State’s previous offers to the court’s attention at either of the February 1989 hearings. The State, familiar with the background to all the charges and their gravity, and with the responsibility of executing the drug enforcement laws, was willing to permit Golden to plead guilty to charges that would result in a maximum of ten years imprisonment. I cannot conceive but that had this been disclosed it would have been a substantial factor in the sentence imposed.
It is indeed difficult for me to envision that had the circuit judge been told in February 1989 when he imposed sentence that while the State had no recommendation to this one plea of guilty, the State had previously agreed that if Golden would plead guilty to two charges, it would recommend to the court a maximum period of ten years imprisonment, the Court without more than appears in this record would have sentenced him to thirty years imprisonment on this one count.[1]
Counsel’s dereliction, therefore, was prejudicial as well.
In the March 1992 post-conviction relief hearing, the circuit judge does not appear to have taken this into account. I cannot know from the record whether the circuit judge considered he had any other choice except the alternative of granting Golden’s petition or rejecting it completely. The circuit judge should have another choice.
*145 Under the unique facts of this case, when it is brought to the attention for the first time at a post-conviction relief hearing facts not known to the court at the time of sentencing and which the court further finds would have been a substantial factor in the sentence imposed, the court is not powerless to make a reduction in sentence. Miss.Code Ann. § 99 — 39—5(l)(e) (Supp.1993) gives as one ground for post-conviction relief, “that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice” (emphasis added). Miss.Code Ann. § 99-39-23(5) sets forth the relief the court following a hearing is authorized to grant:
(5) If the court finds in favor of the prisoner, it shall enter an appropriate order with respect to the conviction or sentence under attack, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that may be necessary and proper. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issued presented.
I quickly add that my view should not be taken as an opportunity for a circuit judge subsequent to loss of jurisdiction of the original case to revisit the severity of a sentence simply because he thinks a mistake has been made. My proposed holding is quite narrow, and limited to that extremely rare situation when and where the court first finds there were one or more facts critical to its imposition of sentence which were unknown to the court, giving reasons separate and apart from those originally considered, and which in the interest of justice should have been brought to the court’s attention at the time of sentencing, and finally which, had they been known, would have affected the length of sentence imposed. In those narrow circumstances the court does have some discretion to revisit to length of sentence.[2]
Within these parameters I would remand this cause to the circuit judge to consider the sentence originally imposed.
This gives a prisoner no additional right, because it remains totally in the circuit judge’s discretion. He remains completely at the mercy of the circuit judge. It does, however, allow common sense and a measure of compassion to play a part in a man’s sentence to the penitentiary.
The State, which knew the entire background of Golden and his criminal offense, offered ten years as full payment of Golden’s debt to society. The circuit judge, ignorant of this fact, added twenty more years. Twenty years is a third of a man’s life.
I would remand for consideration of sentence, and dissent.
SULLIVAN, J., joins this opinion.

. A personal note for myself as well. For eight years I represented the State as a district attorney for the 3rd Circuit Court District. As a district attorney, I would have felt compelled at some time during that court term, if not immediately following sentence, to apprise the circuit judge of this background. I would have done this regardless of who was representing the defendant.

. As an example, at the sentencing hearing the accused asked for mercy on the ground he had a deprived childhood. At a subsequent post-conviction relief hearing additional proof of child abuse or neglect would not be a factor in re-sentencing.